1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

GERARDO ROBLES                    )    Civil No. 14-cv-1514 BAS (NLS)
11                                 )
                  Petitioner,      )
12   v.                            )    **REPORT AND**
                                   )    **RECOMMENDATION FOR**
13   JEFFREY BEARD, Secretary of the )  **ORDER DISMISSING FIRST**
     Department of Corrections and )    **AMENDED PETITION FOR**
14   Rehabilitation,               )    **WRIT OF HABEAS CORPUS**
                                   )
15                Respondent.      )    (Dkt. Nos. 5 and 12)
                                   )
16   _____ )

17         Currently pending before the Court is Petitioner Gerardo Robles' First Amended

18   Petition for Writ of Habeas Corpus ("FAP") and Respondent's Answer to the FAP.  (Dkt.

19   Nos. 5 and 12.)  Petitioner asserts two grounds for relief.  First, he claims that the

20   sentencing disparity between himself and his co-defendant violated the Eighth

21   Amendment.  (Dkt. No. 5 at 6.)  Second, he claims that the Court of Appeals improperly

22   failed to consider the merits of his state habeas petition.  (*Id*. at 7.) Respondent contends

23   that the FAP is untimely and should be dismissed.  (Dkt. No. 12 at 2.)  Respondent

24   further argues that Petitioner failed to show that the state courts' resolution of his claims

25   was contrary to, or an unreasonable application of, federal law or was based on an

26   unreasonable determination of the facts.  (*Id*.)  For the reasons set forth below, the FAP is

27   untimely and therefore the Court need not reach Respondent's other arguments.

28   Accordingly, this Court **RECOMMENDS**  that the FAP and action be dismissed with

1   prejudice.

2   **I.      PROCEDURAL BACKGROUND**

3       **A.      The Conviction**

4       A jury convicted Petitioner and his co-defendant Samuel Gudino ("Gudino") of

5   home invasion robbery in concert (Cal. Penal Code §§ 211 & 213(a)(1)(A)), carjacking

6   (Cal. Penal Code § 215(a)), three counts of assault with a firearm (Cal. Penal Code §

7   245(a)(2)), unlawful driving or taking of a vehicle (Cal. Veh. Code § 10851(a)), and

8   receiving stolen property, a motor vehicle (Cal. Penal Code § 496d(a)).  (Lodgment 2

9   (Dkt. No. 12-4 at 3).)  Petitioner was sentenced to 33 years, 8 months in state prison.

10  Gudino was sentenced to 20 years, 8 months in state prison.  (Lodgment 1 (Dkt. No. 12-3

11  at 3).)

12      **B.      The Direct Appeal**

13      Petitioner appealed his conviction and sentence to the Fourth District Court of

14  Appeal.  (Lodgment 1 (Dkt. No. 12-3) .)  On November 21, 2008, the court reversed

15  Petitioner's convictions for assault and receipt of stolen property and remanded for

16  resentencing after finding sentencing errors.  (Lodgment 1 (Dkt. No. 12-3 at 33-34, 38-

17  39).)  As for Gudino, the court reversed the judgment against him entirely, after finding

18  that the admission of Petitioner's statements identifying Gudino as a co-perpetrator

19  violated Gudino's confrontation rights.[1]  (Lodgment 1 (Dkt. No. 12-3 at 4, 11, 28).)  At

20  resentencing, Petitioner was sentenced to 24 years in state prison.  (Lodgment 2 (Dkt. No.

21  12-4 at 4).)  Petitioner appealed this sentence.[2]  (Lodgment 2 (Dkt. No. 12-4).)  On

22  September 13, 2010, the Fourth District Court of Appeal rejected Petitioner's claim on

23  direct appeal and affirmed the judgment.  (*Id.*)  On November 23, 2010, the California

24  _____

25      [1] According to Petitioner, Gudino was subsequently convicted of lesser offenses
and sentenced to six years in state prison.  (Dkt. No. 5 at 6; *see also* Dkt. No. 12-1 at 16.)

26  Petitioner's Eighth Amendment claim stems from the disparity between his sentence and
Gudino's 6-year sentence.

27      [2] While his sentencing appeal was pending, Petitioner filed a state habeas petition
in the Court of Appeal claiming ineffective assistance of counsel.  (Lodgment 3 (Dkt. No.

28  12-5).)  The court denied the petition without prejudice and directed Petitioner to file his
petition in the Superior Court.  (*Id.* (Dkt. No. 12-5 at 3).)

Supreme Court denied Petitioner's petition for review, thus concluding Petitioner's direct review.  (Lodgment 4 (Dkt. No. 12-6).)

### C.   The Habeas Petitions

On July 20, 2011, Petitioner filed a state habeas petition in the Imperial County Superior Court.[3]  (Lodgment 5 (Dkt. No. 12-7).)  The court denied the petition on September 1, 2011.  (*Id*.)  On July 26, 2013—almost two years later—Petitioner filed a second state habeas petition in the Imperial County Superior Court.  (Lodgment 6 (Dkt. No. 12-8).)  The petition was denied on September 5, 2013.  (*Id*.)  On November 15, 2013, Petitioner filed a third state habeas petition in the Imperial County Superior Court, which was denied on November 19, 2013.  (Lodgment 7 (Dkt. No. 12-9).)  On December 9, 2013, Petitioner mailed a state habeas petition to the Fourth District Court of Appeal, and it was denied on January 23, 2014.  (Lodgment 8, 9 (Dkt. No 12-10 at 29, Dkt. No. 12-11).)  Thereafter, on February 24, 2014, Petitioner mailed a petition to the California Supreme Court.  (Lodgment 10 (Dkt. No. 12-12 at 32).)  The court denied the petition on May 21, 2014.  (Lodgment 11 (Dkt. No. 12-13).)  Petitioner mailed his federal habeas petition on June 4, 2014 and his FAP on July 18, 2014.  (Dkt. No. 1 at 11; Dkt. No. 5 at 12.)

## II.   AEDPA STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this petition because it was filed after the effective date of April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).  AEDPA imposes a one-year period of limitation on petitioners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d).  The relevant section reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

[3] Many of the records lodged with the Court only show the <u>filing</u> date, rather than the <u>mailing</u> date, so the Court is unable to apply the "prison mailbox rule."  *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  Where the lodgment shows either Petitioner's mailing date or the date he signed his petition, the Court will use that date and the terminology "mailed" rather than "filed."  In any event, the difference has no bearing on the resolution of the statute of limitations issues raised herein.

court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted in Section I.B above, the California Supreme Court denied Petitioner's direct appeal on November 23, 2010. (Lodgment 4 (Dkt. No. 12-6).) Accordingly, Petitioner's conviction became final 90 days later, on February 21, 2011, the date his right to seek relief from the United States Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent any tolling, Petitioner's deadline to seek federal habeas relief was 365 days later, on February 21, 2012. Unless Petitioner can show he is entitled to sufficient statutory or equitable tolling, the statute of limitations expired more than two years before he mailed his federal habeas petition on June 4, 2014. (*See* Dkt. No. 1 at 11.)

### A.    Statutory Tolling

A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). Petitions for state habeas relief may be deemed pending "even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Duncan*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 536 U.S. 214, 223-25 (2002). In the absence of a clear indication that a petition filed at

1   the next level was timely, a federal court must examine the case and determine whether
2   the petition was filed within what California courts would consider a "reasonable time."
3   *Evans v. Chavis*, 546 U.S. 189, 198 (2006).  A period of 30 to 60 days is reasonable,
4   while a 6-month unexplained delay will likely be deemed "unreasonable."  *Id.* at 201; *but*
5   *see Skoor v. Tilton*, 2008 WL 152144, at *19 (S.D. Cal. Jan. 16, 2008) (holding six-
6   month delay reasonable because the petitioner had to review a large database of felony
7   cases between filings); *Moore v. Clark*, 2008 WL 449706 *3 (E.D. Cal. Mar. 25, 2008)
8   (holding six-month delay reasonable because the petitioner was seeking transcripts from
9   an evidentiary hearing during the delay).  The statute of limitations is not tolled by
10  proceedings in federal court.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).
11  Moreover, no statutory tolling is available after the statute of limitations has expired.
12  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *see also Ferguson v. Palmateer*, 321
13  F.3d 820, 823 (9th Cir. 2003), *cert. denied*, 540 U.S. 924 (2003) ("[S]ection 2244(d) does
14  not permit the reinitiation of the limitations period that has ended before the state petition
15  was filed.").

16      After his conviction became final on February 21, 2011, Petitioner filed a state
17  habeas petition in the Imperial County Superior Court on July 20, 2011.  (Lodgment 5
18  (Dkt. No. 12-7).)  The Superior Court habeas petition was denied on September 1, 2011,
19  44 days later.  (*Id.*)  Therefore, Petitioner is entitled to 44 days of tolling, extending the
20  statute of limitations deadline from February 21, 2012 to April 5, 2012.  28 U.S.C. §
21  2244(d)(2).

22      Still, by the time Petitioner filed his second state habeas petition in the Imperial
23  County Superior Court on July 26, 2013, the statute of limitations had already expired by
24  more than a year.  (Lodgment 6 (Dkt. No. 12-8).)  But even if this second petition was
25  filed before the statute of limitations had expired, it still would not provide any statutory
26  tolling because one of the independent grounds on which the Superior Court based its
27  September 5, 2010 denial was its finding that "Petitioner failed to timely file his
28  petition."  (*Id.* (Dkt. No. 12-8 at 14).)  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)

(holding that a state habeas petition is not "properly filed" for purposes of statutory tolling under AEDPA if the state petition was determined by the state court to be untimely as a matter of state law); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) ("[I]f a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.")  Likewise, the Court of Appeals and California Supreme Court each denied Petitioner's state habeas petitions on timeliness grounds.  (Lodgment 9 (Dkt. No. 12-11 at 5) and Lodgment 11 (Dkt. No. 12-13 at 2).)[4]  Therefore, Petitioner would not be entitled to statutory tolling for his petitions to those courts either.  By the time Petitioner mailed his federal habeas petition on June 4, 2014, the statute of limitations had been long expired.  Unless equitable tolling can save his petition, Petitioner's federal habeas petition is untimely, and the Court need not consider Respondent's other arguments.

### B. Equitable Tolling

The Court next considers whether equitable tolling is applicable.  *Holland v. Florida*, 560 U.S. 631, 634 (2010) (holding that the one-year limitations period under AEDPA is subject to equitable tolling).  Petitioner bears the burden of proving that equitable tolling is appropriate, and must establish that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way of timely filing a petition.  *Id.* at 649*; Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).  The determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent."  *Id.* (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)).  Equitable tolling "is unavailable in most cases."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the

---

[4] The California Supreme Court issued a summary denial of Petitioner's state habeas petition on May 21, 2014, with a citation to *In re Robbins*, 18 Cal.4th 770, 780 (1998).  (Lodgment 11 (Dkt. No. 12-13 at 2).)  It is well settled that a summary denial with a citation to *Robbins* means that the petition was rejected as untimely.  *See Walker v. Martin*, 131 S.Ct. 1120, 1126 (2011).

rule.")

Petitioner makes no equitable tolling arguments.  In his traverse, Petitioner states only that he "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ."  (Dkt. No. 14.)  Yet he does not explain how the facts or circumstances in his case prevented him from timely filing his habeas petition.  The primary basis for Petitioner's habeas petition is the sentencing disparity between himself and a co-defendant Samuel Raymond Gudino.  (See Dkt. Nos. 5, 14.)  Judgment against Gudino was reversed on November 21, 2008 (Lodgment 1 (Dkt. No. 12-3 at 1, 21)), and ultimately Gudino was sentenced to approximately six years in prison on lesser-included offenses on August 4, 2010.  (Dkt. No. 5 at 14-15.)  As previously explained, the statute of limitations expired on April 5, 2012.  Therefore, even if Petitioner was unaware of the facts and circumstances underlying his federal habeas petition until Gudino's sentencing in August 2010, he still had plenty of time to file his federal habeas petition before the statute of limitations expired on April 5, 2012.  The Court cannot conclude that any amount of equitable tolling is appropriate in this case, and certainly not enough to save a federal habeas petition that was mailed on June 4, 2014, and amended on July 18, 2014.

## III.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the district court issue an Order:  approving and adopting this Report and Recommendation; and (2) dismissing Petitioner's Amended Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that no later than **June 5, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 19, 2015.**  The parties are advised that failure to file objections within the specified time may waive the right to raise those

objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  May 6, 2015

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court