# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ROBLES,<br><br>   Petitioner,<br><br>   v.<br><br>JEFFREY BEARD, Secretary of the Department of Corrections and Rehabilitation,<br><br>   Respondent. | Case No. 14-cv-1514-BAS-NLS<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**(2) DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

On July 18, 2014, Petitioner Gerardo Robles mailed a First Amended Petition for Writ of Habeas Corpus ("FAP") seeking relief from a 24-year prison sentence on two grounds. (ECF No. 5.) First, Petitioner argues that the sentencing disparity between himself and his co-defendant violated the Eighth Amendment. Second, Petitioner argues that the California Court of Appeals failed to consider the merits of his state habeas petition. On May 6, 2015, Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("Report" or "R&R") recommending that this Court dismiss Petitioner's FAP. (ECF No. 15.) Judge Stormes found that the statute of limitations for filing the FAP had expired more than two years before Petitioner mailed his petition, and that the circumstances presented did not entitle Petitioner to

equitable tolling that may have extended his filing deadline. *Id*. On May 19, 2015, Petitioner mailed his objections to Judge Stormes's Report. (ECF No. 16.)

## I. DISCUSSION

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*. at 1121.

Objections to an R&R must be properly made before triggering a district judge's responsibility to conduct *de novo* review. *See e.g.*, Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). At a minimum, objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge.) (emphasis added). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's R&R has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-CV-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases). In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.2d 5, 7 (9th Cir. 1974)).

In this case, Petitioner's objection is insufficiently specific to trigger *de novo* review. Indeed, there appears to be no objection at all. Omitting string citations, the

entirety of Petitioner's five-sentence "Objections to Report and Recommendation" is as follows:[1]

> Petitioner's case clearly illustrates a classic example of "sentencing disparity" that warrants correction. Petitioner was not afforded effective assistance of counsel in relation to the claims, and therefore had to exercise personal diligence in relation to investigating, analyzing, and presenting the claims after the fact to the court. Petitioner is only asking for justice, the same justice that was given to his co-defendant, Samuel Raymond Gudino. Judgment against Gudino was reversed on November 21, 2008 and ultimately Gudino was sentenced to approximately six years in prison on lesser-included offenses on August 4, 2010, while Petitioner is subjected to a 24-year term under a home invasion conviction; and upon codefendant's remand to the Superior Court, Gudino's home invasion was reduced to a burglary. Petitioner prays that the court reduce the home invasion conviction to a burglary; or that he be given a new appeal based on the sentencing disparity between petitioner and co-defendant Samuel Raymond Gudino.

(ECF No. 16.)

It is clear that these assertions "do not address the substance of the R & R's findings," but rather rehash claims made in Petitioner's FAP. *Turner v. Tilton*, No. 07-CV-2036, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008). Thus, Petitioner's arguments do not constitute a proper objection. Not only did Petitioner not specifically challenge the magistrate judge's legal conclusions; he failed to make even the slightest reference to the magistrate judge's analysis. On that basis alone, the Court is justified in reviewing the magistrate's Report for clear error. After a thorough review of the relevant materials, the Court finds that the R&R is not clearly erroneous. *Id*.

However, even under a *de novo* review, the R&R is still plainly correct. After correctly calculating the statute of limitations period that governs the FAP under the Antiterrorism and Effective Death Penalty Act of 1996, the magistrate judge then identified and applied the appropriate legal standard for statutory and equitable tolling. Judge Stormes's conclusions that (1) statutory tolling extended Petitioner's deadline for filing his federal habeas petition to April 5, 2012, (2) equitable tolling did not

---

[1] Petitioner's text has been edited slightly for purposes of readability.

apply, and (3) Petitioner's FAP was therefore time barred, were based on sound reasoning and a straightforward application of the relevant doctrine. It bears repeating that Petitioner makes no objection to Judge Stormes's legal reasoning.[2]

## II.     CONCLUSION & ORDER

After reviewing the R&R for clear error, the Court concludes that the Report is not clearly erroneous. Furthermore, after conducting a *de novo* review of the Report's reasoning, the Court concludes that Judge Stormes's reasoning is sound. Accordingly, the Court **OVERRULES** Petitioner's objections (ECF No. 16), **APPROVES** and **ADOPTS** the Report in its entirety (ECF No. 15), and **DISMISSES** Petitioner's First Amended Petition (ECF No. 5).

Moreover, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Petitioner has not made the requisite showing. Because reasonable jurists would not find the Court's assessment of the claims in the petition debatable or wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack*, 529 U.S. at 484.

//

//

---

[2] To the extent that Petitioner's claim in his objection that he "was not afforded effective assistance of counsel in relation to the claims" could be construed as a specific objection to Judge Stormes's finding that equitable tolling does not apply, that objection clearly fails. To prove that equitable tolling is appropriate, Petitioner bears the burden of establishing (1) that he has been diligently pursuing his rights and (2) that an extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Even under the most generous reading of Petitioner's objection, Petitioner makes no discernible attempt to meet this "very high" standard. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

1 | //

2 |     **IT IS SO ORDERED.**

3 |

4 | **DATED:  November 20, 2015**

5 |                                                     Hon. Cynthia Bashant
                                                  United States District Judge